UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT ASHLAND

*ELECTRONICALLY FILED*

| | | |
|---|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY a/s/o/ REYTON CEDAR KNOLL, LLC and REYTON CEDAR KNOLL, LLC | ) | Civil Action No. 0:11-cv-00118-HRW |
| PLAINTIFFS | ) | |
| v. | ) | |
| SSR, INC. AND SINGLE SOURCE ROOFING CORPORATION | ) | |
| DEFENDANTS | | |

**RESPONSE OF DEFENDANTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Come the defendants, SSR, Inc. and SingleSource Roofing Corporation (hereinafter collectively "SingleSource"), by counsel, pursuant to Fed. R. Civ. P. 56, Local Rule 7.1, and all other applicable rules, and for their response in opposition to the motion for partial summary judgment filed by the plaintiffs, The Charter Oak Fire Insurance Company a/s/o Reyton Cedar Knoll, LLC and Reyton Cedar Knoll, LLC (collectively "Plaintiffs") [D.E. #48], state as follows:

## I. INTRODUCTION

Plaintiffs' summary judgment motion must be denied on two (2) grounds. First, Plaintiffs' motion is improper because it requests the Court to make a "finding of fact." Summary judgment is an improper vehicle for making such a request. Second, Plaintiffs' motion is premature. Despite numerous requests, Plaintiffs have precluded SingleSource from taking the

depositions of its experts, representatives, and witnesses. More specifically, Plaintiffs have precluded SingleSource from deposing, Mr. Alan O. Campbell, the expert upon which their motion is based. Accordingly, Plaintiffs' motion should be denied or, at the very least, held in abeyance until SingleSource has completed its discovery.

## **II. STATEMENT OF FACTS**

This subrogation/negligence action arises from property damage the plaintiff, Reyton Cedar Knoll, LLC (hereinafter referred to as "RCK") allegedly sustained as a result of a leaking roof system. The subject roof system is located on a Sears retail store which is an anchor tenant for a mall owned and maintained by RCK. The roof system was installed by SingleSource. In approximately May 2010, RCK suffered property damage as a result of the roof system leaking. RCK subsequently installed a new roof system.

In November 2011, RCK filed suit against SingleSource under theories of negligence and breach of warranties. *See* Compl., [D.E. # 1]. In April 2012, RCK amended its complaint to join its insurer, The Charter Oak Fire Insurance Company a/s/o Reyton Cedar Knoll, LLC (hereinafter referred to as "Charter Oak"), as a real party in interest (collectively hereinafter referred to as "Plaintiffs"). *See* Amended Compl., [D.E. # 16]. The amended complaint also abandoned the breach of warranty claims. *Id.*

In August 2011, Applied Building Sciences, Inc. (hereinafter referred to as "ABS") inspected the subject roof on behalf of Plaintiffs. This inspection was performed after RCK removed the SingleSource roofing system and installed a new roofing system. Following this inspection, Alan O. Campbell, PE of ABS prepared a purported expert report on behalf of Plaintiffs. This report states, in relevant part,

> Known installation defects of the SSR roof covering and substrate include:
>
> * * * * *
>
> • Shuffled insulation boards related to original, pre-SSR Installation,

*See* Report of A.O. Campbell (copy attached hereto as Exhibit A). Mr. Campbell also provides several other criticisms of SingleSource and its installation of the roofing system and subsequent repairs and inspections. Accordingly, Plaintiffs' statement that Mr. Campbell opines "that insulation boards were not properly installed on the Sears roof underneath the Single Source [sic] EPDM roofing membrane" is but one opinion related to their allegations and at present appears to be an overgeneralization as well as a mischaracterization of Mr. Campbell's opinion.[1]

In May 2013, Richard Baxter, president of CRS, Inc., inspected the subject roof on behalf of SingleSource. Following this inspection, Mr. Baxter prepared an expert that concluded that "it was apparent that the insulation boards were not properly secured." *See* Baxter Expert Report (copy attached hereto as Exhibit B). Accordingly, based on Plaintiffs' representations, it appears it is an undisputed fact that the insulation boards were not properly secured prior to SingleSource installing its roof system. However, SingleSource objects to Plaintiffs' representations.

Despite Plaintiffs' representations of the expert reports, SingleSource opposes its summary judgment on two (2) simple grounds. First, Plaintiffs' summary judgment motion is an improper vehicle for the relief sought because it requests the Court to determine a "finding of fact." Second, Plaintiffs' summary judgment motion is premature because Plaintiffs have precluded SingleSource from deposing Mr. Campbell despite numerous requests.

## III. ARGUMENT

[1] It should be noted that the insulation boards were installed on the roof by a third-party and prior to SingleSource installing its roofing system.

**A. SUMMARY JUDGMENT STANDARD**

Federal Rule Civil Procedure 56 entitles a party to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The summary judgment rule exists to expedite the disposition of cases and to obviate the need for trial when no genuine issues of material fact are raised. *Transcontinental Freight Sys. v. Air France*, 1994 WL 736026, No. 92-C-8161 (N.D. Ill. April 6, 1994).

The moving party bears the initial burden of demonstrating the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden may be met by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. If the moving party satisfies its burden, the burden shifts to the nonmoving party to demonstrate, through evidence, that a genuine factual dispute exists. *Id.*

The nonmoving party does not satisfy this burden by merely providing conclusory testimony and allegations contrary to the moving party's evidence. *Hiscox Dedicated Corp. Member Ltd. v. Wilson*, 246 F.Supp.2d 684, 689 (E.D. Ky. 2003)(citing *Moore v. Philip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993)). Instead, the party opposing the motion must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The nonmoving party must present 'significant probative evidence' to show that 'there is more than some metaphysical doubt as to the material facts.'" *Anderson v. Ridge Tool Co.*, 2008 WL 1908716, No. 06-116-HRW, *3 (E.D. Ky. April 30, 2008).

Moreover, the issue of fact asserted by the opposing party must be genuine. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine only where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. To determine whether any real or genuine issue of material fact exists, the court must examine the record, and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Instead, it is the duty of the nonmoving party to "direct the court's attention to those specific portions of the record upon which it seek to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

Further, "when adjudicating a motion for summary judgment it is inappropriate for a district court to make 'findings of fact.'" *Scott v. Stout*, 248 F.3d 1151, 196 (6th Cir. 2001). "Rather, the facts and any reasonable inferences drawn therefrom are to be viewed in the light most favorable to the nonmoving party to determine whether a genuine issue as to any material fact remains for trial." *Id.*; *see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 928 (4th Cir. 1995)(it is generally inappropriate for a court to make findings of fact in summary judgment proceedings); *Kraciun v. Owens-Corning Fiberglas Corp.*, 895 F.2d 444 (8th Cir. 1990)(The magistrate made brief "findings of fact" in each case, clearly an inappropriate function in connection with a motion for summary judgment); *Abbott Labs. v. Sandoz, Inc.*, 529 F. Supp. 2d 893 (N.D. Ill. 2007)(it is inappropriate for a court to make "findings of fact" on summary judgment).

Plaintiffs' motion for partial summary judgment must be denied. Plaintiffs' motion requests the Court to make a "finding of fact." Summary judgment is an improper vehicle for such request. Further, Plaintiffs' motion is premature. Plaintiffs have continually precluded SingleSource from deposing its experts, as well as other representatives and witnesses, despite numerous requests. Accordingly, any "finding of fact" made by the Court should be held in abeyance until Plaintiffs have complied with SingleSource's discovery requests and the depositions of Plaintiffs' experts and representatives are completed.

**B. PLAINTIFFS' PARTIAL SUMMARY JUDGMENT MOTION MUST BE DENIED BECAUSE IT IMPROPERLY REQUESTS THE COURT TO MAKE A "FINDING OF FACT."**

As indicated above, Plaintiffs' motion must be denied because it is improper for the Court to make a "finding of fact" in a summary judgment proceeding. *Scott*, 248 F.3d at 196; *Lone Star Steakhouse & Saloon, Inc.*, 43 F.3d at 928; *Kraciun*, 895 F.2d 444 (8th Cir. 1990); *Abbott Labs.*, 529 F. Supp. 2d 893 (N.D. Ill. 2007). Plaintiffs request the Court to make a "finding of fact" that "the insulation boards were not properly secured on the Sears roof underneath the Single Source [*sic*] EPDM roofing membrane." Plfs.' Mem. of Law, pg. 1 [D.E. #48-1]. A summary judgment motion is an improper vehicle for such request. Accordingly, Plaintiffs' motion must be denied.

**C. PLAINTIFFS' SUMMARY JUDGMENT MOTION MUST BE DENIED BECAUSE IT IS PREMATURE.**

Should the Court determine that it can make a "find of fact," Plaintiffs' motion still fails and must be denied. Plaintiffs' motion must be denied as premature because Plaintiffs have precluded SingleSource from completing discovery.

Rule 56(d) of the Federal Rules of Civil Procedure states:

> If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate.

Despite numerous requests, Plaintiffs have precluded SingleSource from taking discovery in this matter. Such actions by Plaintiffs are inappropriate and render their summary judgment motion premature. "Summary judgment is generally improper if the non-movant is not afforded a sufficient opportunity for discovery." *Arco Aluminum, Inc. v. Novelis, Inc.*, No. 3:07-CV-277-S, 2008 WL 451020, at *2 (W.D. Ky. Feb. 15, 2008).

On May 30, 2013, SingleSource sent Plaintiffs' counsel a letter proposing four (4) dates to take the depositions of Plaintiffs' designated experts and representatives. *See* May 30, 2013 Letter (copy attached hereto as Exhibit C). That request was followed by a June 27, 2013 letter seeking additional dates to depose Plaintiffs' experts along with Plaintiffs' representative, Johnny Eggleston, and a representative(s) of Charter Oak. *See* June 27, 2013 Letter (copy attached hereto as Exhibit D). Plaintiffs never provided dates as requested. Instead, Plaintiffs requested SingleSource to provide a Fed.R. Civ. P. 30(b)(6) deposition notice. *See* June 28, 2013 E-mail (copy attached hereto as Exhibit E). On July 21, 2013, SingleSource sent Plaintiffs' counsel a letter following-up a July 16, 2013 conversation. That letter memorialized counsels' conversation that the parties would proceed with scheduling depositions of Plaintiffs' experts, representatives, and witnesses in August and provided ten (10) dates to take the depositions. *See* July 21, 2013 Letter (copy attached hereto as Exhibit F). That letter also provided Plaintiffs with the requested Fed. R. Civ. P. 30(b)(6) deposition notice and well as the names of five (5) representatives. *Id.* However, on July 25, 2013, Plaintiffs' counsel apparently disregarded the

prior conversation and stated they would not allow the requested depositions to proceed. *See* July 25, 2013 Letter (copy attached hereto as Exhibit G).

Further, as this Court is aware, scheduling conflicts have prevented the parties, and more specifically, SingleSource, from proceeding with deposing Plaintiffs' experts and representatives/witnesses. The Court previously set a discovery deadline of July 3, 2013. *See* [D.E. # 31]. SingleSource sought to depose Plaintiffs' experts and representatives in June. However, Plaintiffs' counsel indicated they were not available on any of the requested dates. SingleSource then spoke with Plaintiffs' counsel and discussed extending the discovery deadline from July 3, 3013 to September 1, 2013. However, Plaintiffs were only willing to extend the discovery deadline through July 31, 2013. This extension proved futile to SinlgeSource because its attorney was not available any dates in July to take depositions. Accordingly, on July 3, 2013, SingleSource filed a motion to stay discovery, or in the alternative, extend the discovery deadline through August 30, 2013. *See* [D.E. #44]. That motion remains pending. Further, SingleSource recently filed motions to extend the dispositive deadline and compel Plaintiffs to provide dates to depose their experts, representatives, and witnesses. *See* [D.E. #49]. Those motions are also pending.

Despite numerous requests, Plaintiffs have precluded SingleSource from completing discovery and more specifically, deposing Mr. Campbell. Given this fact, Plaintiffs' summary judgment motion is premature. SingleSource is entitled to depose Mr. Campbell and clarify his purported expert opinions. This includes determining the basis for Mr. Campbell's opinion regarding "shuffled insulation boards." The deposition will also prove useful in exploring Mr. Campbell's other opinions and criticisms of SingleSource and how they relate to the "shuffled insulation boards" and Plaintiffs' allegations.

Pursuant to Fed. R. Civ. P. 52(d), SingleSource submits the attached affidavit of Thomas G. Goodwin, lead counsel for SingleSource in this matter. *See* Exhibit H. Pursuant to this affidavit, SingleSource respectfully requests the Court to either deny or hold Plaintiffs' summary judgment motion in abeyance until Plaintiffs' have complied with SingleSource's discovery requests and SingleSource has deposed Plaintiffs' experts and representatives.

## **IV. CONCLUSION**

For the foregoing reasons, the defendants, SSR, Inc. and SingleSource Roofing Corporation respectfully requests that Plaintiffs' motion for partial summary judgment be denied.

BOEHL STOPHER & GRAVES, LLP

*/s/ Thomas G. Goodwin*
Edward H. Stopher
Thomas G. Goodwin
AEGON Center, Suite 2300
400 West Market Street
Louisville, KY 40202
Phone: (502) 589-5980
Fax: (502) 561-9400
estopher@bsg-law.com
tgoodwin@bsg-law.com
COUNSEL FOR DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF System, which will send notice of electronic filing to the following:

Estill D. Banks, II
Amber K. Knouff
LANDRUM & SHOUSE LLP
106 West Vine Street, Suite 800
P. O. Box 951
Lexington, KY 40588-0951
(859) 255-2424
ebanks@landrumshouse.com
lfiorella@landrumshouse.com
CO-COUNSEL FOR PLAINTIFF

Albert S. Nalibotsky
H. Lee Falls, III
QUICK, WIDIS & NALIBOTSKY, PLLC
2115 Rexford Road, Suite 100
Charlotte, NC 28211
(704) 364-2500
analibotsky@qwnlaw.com
lfalls@qwnlaw.com
CO-COUNSEL FOR PLAINTIFF

*/s/ Thomas G. Goodwin*
COUNSEL FOR DEFENDANTS