UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

Civil Action No. 11-118-HRW

**REYTON CEDAR KNOLL, LLC, *et al.*,**   PLAINTIFFS,

v.                          **ORDER**

**SSR, INC
and
SINGLE SOURCE ROOFING CORPORATION,**   DEFENDANTS.

This matter is before the Defendants' Motion for Summary Judgment (R.41) and Plaintiffs' Motion for Partial Summary Judgment ®. 48). The motions were referred to United States Magistrate Judge Candace J. Smith for Report and Recommendation.

Magistrate Judge Smith recommends that Defendants' Motion for Summary Judgment as to its defense that Plaintiffs' negligence claim is barred and should be dismissed or transferred based upon application as a matter of law of the exculpatory clause, or limitation of action or venue provisions of the Membrane System Warranty be overruled.

With regard to Plaintiffs' motion, that in light of the extended discovery and dispositive motion deadlines in this case, it be overruled as premature.

The parties filed objections to the Report and Recommendation ( R. 74 and 75). Defendants' objection merely reiterates their position; they do not offer any particularized objections or claim a specific legal or factual error. As such, there is nothing in Defendants' objections which calls into question the Magistrate Judge's recommendation.

In their objection, Plaintiffs request that this Court stay their motion until the close of discovery on March 28, 2014, rather than denying it as premature. They point out that as witnesses

were deposed after their motion was submitted to the Court, the parties were not in a position to be able to adequately brief their dispositive motion. The Court agrees. Ruling upon the merits of a Rule 56 motion prior to the close of discovery is akin to putting the cart before the horse. Following the close of discovery, Plaintiffs may renew their motion, should they choose to do so. However, it would behoove Plaintiffs to make note of the Magistrate Judge's observation in Footnote 12 of her report. In contemplating the viability of a dispositive motion in this context, the Magistrate Judge noted "[i]t is not necessary for the Court to consider Defendants' other argument that the Motion improperly seeks summary judgment on a question of fact since the Motion should be denied as premature, and since Plaintiffs likely will consider this other argument in framing any subsequent dispositive motion they decide to file by the extended deadline." ( R. 73 at n. 12).

Accordingly, **IT IS HEREBY ORDERED:**

(1) that the Magistrate Judge's report and recommendation( R. 73) is hereby, **APPROVED and ADOPTED** as for the opinion of the Court;

(2) Defendants' Motion for Summary Judgment as to its defense that Plaintiffs' negligence claim is barred and should be dismissed or transferred based upon application as a matter of law of the exculpatory clause, or limitation of action or venue provisions of the Membrane System Warranty ( R.. 41) be **OVERRULED**; and

(3) Plaintiffs' Motion for Partial Summary Judgment ( R. 48) "[t]hat insulation boards were not properly secured on the Sears roof underneath the Single Source EPDM roofing membrane" be **OVERRULED**.

This 27th day of March, 2014.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge